IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WALKER #1215501 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv166 |
| LORIE DAVIS, ET AL. | § | |

ORDER TO ANSWER AND SCHEDULING ORDER

The Court has reviewed the complaint of the Plaintiff in the above-styled civil action. Upon such review, it is hereby

**ORDERED** that the Defendants shall have thirty days from the receipt of this order in which to answer or otherwise plead to the Plaintiff's complaint. Pursuant to the written consent of the Texas Attorney General's Office, copies of the complaint, attachments, and orders will be served electronically upon the Texas Attorney General, counsel for the Defendants, and will be directed to the attention of gloria.chandler@oag.texas.gov, elizabeth.mejia@oag.texas.gov, and led.docket@oag.texas.gov. *See* Fed. R. Civ. P. 5(b)(2)(E). It is further

**ORDERED** that within thirty days after the answer is filed, the parties are to disclose to each other all information relevant to the claims or defenses of any party. These disclosures shall include a list of persons who have relevant information as well as documents. Such documents may be redacted as necessary where sensitive information is at issue. The parties shall promptly file a notice of disclosure after such disclosure has taken place. No further discovery will be allowed except on further order of the Court. Conferences under Rules 26(f) and 16(b), Fed. R. Civ. P., are not required except on further order of the Court.

Scheduling Order

It is hereby **ORDERED** that within 60 days after the answer is filed with the Court, the Defendant shall file any motion for summary judgment which he may have limited to the defense

of exhaustion of administrative remedies. A response to any motion for summary judgment limited to the defense of exhaustion of administrative remedies shall be due no later than 80 days following the date of filing of the answer or twenty days after the filing of the motion for summary judgment limited to the defense of exhaustion of administrative remedies, whichever is earlier. It is further

**ORDERED** that within 100 days after the answer is filed with the Court, the parties shall submit to this Court and opposing counsel a list of the names and addresses of the witnesses whom they propose to call at trial, together with a detailed, narrative summary of each proposed witness' testimony. The parties are hereby placed on notice that failure to submit a timely detailed witness statement summary could result in the exclusion of that witness from the hearing or trial.

The parties shall also submit to the Court and opposing counsel, within 100 days after the filing of the answer, a list of all exhibits which the parties propose to offer into evidence at trial. The parties are hereby placed on notice that failure to submit a timely exhibit list setting out the contents of each exhibit may result in the exclusion of some or all exhibits from the hearing or trial. Finally, it is

**ORDERED** that, within 100 days of the date of filing of the answer or 30 days after any motion for summary judgment based upon exhaustion of administrative remedies has been denied, whichever is later, the parties shall file motions for summary judgment on issues other than exhaustion of administrative remedies in support of their respective positions, to the extent that undisputed issues of fact exist and the moving party contends that he is entitled to judgment as a matter of law. Only competent summary judgment evidence shall be considered by the Court in ruling on these motions. *See* Rule 56, Fed. R. Civ. P. Such evidence may be attached to the motion by the party wishing to offer it.

Should any party believe that material facts are disputed, the party shall identify such disputed facts in his motion. The parties' motions shall be supported by competent summary judgment evidence, including affidavits and documentary evidence where available. *See* Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 323

(1986); Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980). Responses shall be due to the motions for summary judgment within thirty days after the filing of the motion for summary judgment. The Plaintiff is placed on notice that failure to respond to a motion for summary judgment reflects a lack of due diligence in prosecuting the case and may result in the dismissal of the case on this basis. *See* Martinez v. Johnson, 104 F.3d 769 (5th Cir. 1997) (affirming dismissal for want of prosecution based on inmate's failure to respond to a summary judgment motion as ordered by the court). Summary judgment motions are normally filed by the Defendants; while the Plaintiff may file such a motion, the Defendants are not required to respond to such a motion unless ordered to do so by the Court.

In the event that no dispositive motion is granted on behalf of either party, the case shall be set for trial as soon as the business of the Court permits.

**So ORDERED and SIGNED this 5th day of October, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE