IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WALKER,<br>    TDCJ #1215501<br>        *Plaintiff,*<br>v.<br><br>LORIE DAVIS, et al.,<br>        *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:17-CV-00166 |

**Defendants Collier, Texas Board of Criminal Justice, Cooper, Catoe, Richardson, and Davis's Answer and Jury Demand**

Defendants Collier, Cooper, Catoe, Richardson, Davis, and Texas Board of Criminal Justice answer Plaintiff's Complaint, and deny, admit, and allege as follows:

**Answer**

1.  Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

2.  Defendants admit that Plaintiff is an inmate confined in the custody of the Texas Department of Criminal Justice (TDCJ).

3.  Defendants admit that TDCJ is an Agency of the State of Texas.

4.  Defendants Collier, Cooper, Catoe, Richardson, and Davis admit that they were employed by the Texas Department of Criminal Justice at all times relevant to the allegations in Plaintiff's Complaint.

5.  The Texas Board of Criminal Justice is a governmental entity of the State of Texas. It is a nine-member board appointed by the Governor of Texas to oversee the Texas Department of Criminal Justice.

6. Defendants Collier, Cooper, Catoe, Richardson, and Davis admit that at all times relevant to Plaintiff's claims they were acting under color of law and within the scope of their employment.

7. Defendants do not contest the jurisdiction of this Court to hear the claims asserted, nor do they contest venue.

8. Defendants deny that they participated in, or that they authorized or approved of, either expressly or by implication, any unconstitutional or otherwise unlawful action at any time relevant to Plaintiffs' claims.

9. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but deny that such circumstances are present in this case.

10. Defendants deny that Plaintiff was deprived of any right, privilege, or immunity granted or secured by the Constitution or laws of the United States, or the Constitution or laws of the State of Texas.

11. Defendants assert that any claim premised upon acts of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

12. Defendants assert that any claim premised upon the doctrine of respondeat superior will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

13. Defendants assert that some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

14. Defendants assert that a government official acting in his official capacity is not a "person" within the meaning of 42 U.S.C. § 1983, and thus is not a proper party to a cause of action under said statute.

15. Defendants hereby assert their entitlement to qualified immunity. Defendants assert that at all times relevant to this cause of action, they acted in their official capacity as employees of the

Texas Department of Criminal Justice, and with good faith belief that their actions were proper under the constitutions and laws of the United States and the State of Texas.

16. Defendants deny that Plaintiff is entitled to any of the relief demanded in his complaint, to include damages, declaratory or injunctive relief, attorney's fees, interest, or costs in any amount whatsoever.

17. Defendants assert that this suit is without merit, and as such they are entitled to recover from Plaintiff the amount of any attorneys' fees and costs incurred in defending this suit. Defendants seek to recover from Plaintiffs such attorneys' fees and costs expended by them in being required to defend this suit.

18. Defendants assert that they have sovereign immunity from suit and from liability, save only to the extent of the partial waiver of same given by the Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code, Chapter 101, *et seq.*), and pleads and asserts their claim to and defense of sovereign immunity and the limits, exemptions, and exclusions of the Texas Tort Claims Act.

## JURY DEMAND

Defendants demand, pursuant to Rule 38 of the Federal Rules of Civil Procedure, that the above-entitled matter and all issues therein be tried by and before a jury to the extent provided and allowed by law.

Respectfully Submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

        **LACEY E. MASE**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        /s/ Amber McKeon-Mueller
        **AMBER McKEON-MUELLER**
        Assistant Attorney General
        Texas State Bar No. 24088027
        amber.mckeon-mueller@oag.texas.gov

        Law Enforcement Defense Division
        Office of the Attorney General
        P.O. Box 12548
        Austin, Texas 78711-2548
        (512) 463-2080 / Fax (512) 936-2109

        **ATTORNEYS FOR DEFENDANTS**

## <u>NOTICE OF ELECTRONIC FILING</u>

I, **AMBER McKEON-MUELLER**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the foregoing in accordance with the Electronic Case Files system of the USDC – Eastern District of Texas, on November 6, 2017.

        /s/ Amber McKeon-Mueller
        **AMBER McKEON-MUELLER**
        Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **AMBER McKEON-MUELLER**, do hereby certify that a true and correct copy of **Defendants Collier, Texas Board of Criminal Justice, Cooper, Catoe, Richardson, and Davis's Answer and Jury Demand** has been served via United States Postal Service, on November 6, 2017, addressed to:

Johnny Lee Walker, TDCJ #1215501
Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884
*Plaintiff Pro Se*

/s/ Amber McKeon-Mueller
**AMBER McKEON-MUELLER**
Assistant Attorney General