IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WALKER, #1215501 | § | |
| V | § | CIVIL ACTION NO. **6:17-CV-166** |
| LORIE DAVIS, ET AL. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANTS COLLIER, TEXAS BOARD OF
CRIMINAL JUSTICE, COOPER, CATOE, RICHARDSON AND DAVIS'S MOTION
TO DISMISS PURSUANT TO FED.R.CIV.PROC. 12(c)

Plaintiff Johnny Walker respectfully filed this response and ask this Court to deny defendants motion to dismiss, grant Plaintiff the proper relief and retain this case on the Court's docket.

Plaintiff will show the following reasoning the defendants motion to dismiss should be denied:

## I. WALKER'S ALLEGATIONS

Plaintiff Johnny Walker, hereafter "Walker" or "Plaintiff", is an inmate of the Texas Department of Criminal Justice at all times in this lawsuit challenging the condition of his confinement.

Walker challenge in his claims (1) inadequate living space, (2) prolong sleep deprivation, (3) execessive overcrowding and privacy violations in the population shower, (4) no public toliets in dayroom or accessible in gneral population, (5) extreme and excessive heat and cold conditions, (6) contaminated chow/food, (7) contaminated drinking water, and (8) unsafe housing and living areas. Docket No. 29, pp1-10.

## II. DEFENDANTS' REASON FOR DISMISSAL

Defendants Collier, Texas Board of Criminal Justice, Cooper, Catoe, Richarson and Davis filed a motion to dismiss pursuant to Fed.R.Civ. Proc. 12(c) for the following reasons:

1. Failure to state a claim;
2. Failed to state a claim against the Texas Board of Criminal Justice;
3. Defendants are not liable under a theory of respondeat superior;
4. Plaintiff failed to state claim for a violation of the Eighth Amendment;

1

5. Plaintiff suffered no injury for some of his claims and, therefore, is not entitled to compensatory damages.

The defendants ask that Walker's lawsuit be dismissed becasue he failed to state a claim for violating of the Eighth Amendmant and Defendants are not liable on the grounds of respondeat superior.

Walker contends that the defendants are not entitled to such relief and their motion to dismiss should be denied.

### III. WALKER'S RESPONSE TO THE DEFENDANTS' ARGUMANT

#### A. Standard of Review

When considering defendants' motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right of relief is plausible, a court should deny the defendants' motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-56.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.Proc. 12(b)(6). The district court can grant a motion to dismiss if it appears beyond doubt that the plaintiff can prove no set of facts in support of his cliam that would entitle him to relief. See Feffail v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994). Accordingly, this Court has consistently **disfavored** dismissal under Rule 12(b)(6). See Hall v. Thomas, 190 F.3d 693, 696 (5th Cir. 1999); Mohome v. Addicks Utility Dist. of Harris Couty, 836 F.2d 921, 926 (5th Cir. 1988). In determining whether to grant a motion to dismiss, the district court must not go outside the pleading and must accept all well-pleaded facts as true, viewing these facts most favorable to the Plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Khurana v. Innovation Health Care Sys., Inc., 130 F.3d 143, 147 (5th Cir. 1997); Capital Parks, Inc., v. Southern Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994)

Additionally, Walker is a pro se litigant and his pleading should be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**1. Walker did raise a claim against the Texas Board of Criminal Justice.**

The subject-matter of Walker's lawsuit is that he has suffered both physical injury and mental and emotional injury at the hands of the named Defendants. The Board is the final policy-makers and is the moving force behind the violations Walker is suffering. Walker seeks injuctive relief from the Board as a policy and administrative in correcting these violations. City of St. Loius v. Prapprotnik, 485 U.S. 112 (1988).

Such allegation is against the Board and is a part of Walker complaint. Jett v. Dallas Indep. Sch Dist., 491 U.S. 701 (1989).

**2. Defendants are liable under a theory of respondeat superior.**

A supervisor is an official who train, oversee, gives orders to, and/or disciplines other officials. The Fifth Circuit has held that the personal involvement applies in civil rights actions. See Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir. 1998). In Colon v. Coughlin, the Second Circuit established that a supervisory official if the defendant create a policy or custom under which unconstitutional practice occurred, or allowed the continuance of such a policy or custom. 58 F.3d 865, 873 (2d Cir. 1995). This Circuit also agrees. See Gates v. Texas Dep't of Prot. & Reg. Serv., 537 F.3d 404, 435 (5th Cir (2008).

All the named defendants are liable if they failed to properly train and oversee, gives orders to and discipline their staff after learning these officials wrongful acts.

The defendants alleged in their motion to dismiss that they are not responsible for the the health and safety of Walker or the inhumane conditions caused by the deteriorating and unsanitary hazards because their is no causal link. This argument is without merit.

The defendants aware of the extreme temperature conditions and the deteriorating building structure but continue in custom and practice of housing Walkers and all inmates in these unsafe living areas while knowing the dangers and risks.

Walker ask, if the policy-makers and supervisors are not liable for these inhumane conditions, that are continuously becoming worse, then who? All that are left are the subordinate officials and inmates, which have no authority in budget decisions or changing TDCJ policies.

The red brick Units of the Texas Department of Criminal Justice are in a rapid declining stage and they are inadequate to safe house and guarantee the safety and health of its occupants. The Wallace Pack Unit has shown so in Cole v. Collier, U.S.D.C. (S.D. Texas), Case No. 4:14-cv-1698; 2016 U.S. Dist. LEXIS 7509 (drinking water contaminated by arsenic - being a longstanding problem), and McCollum v. Livingston, U.S.D.C. (S.D. Texas), Case No. 4:14-cv-3253; 2017 U.S. Dist. LEXIS 19602. (excessive heat during the summer months). The courts did not allow the supervisors to escape their responsiblities in Cole and McCollum Cases.

Walker claims that he has suffered physical injuries due to the excessive heat during the summer months, excessive cold during the months, drinking contaminated water and eating contaminated food, deprivation of sleep, inadqauted living space and unsafe housing.

The above-named supervisor are aware of the above complaint, Walker brought these complaint to the supervisors attention via grievance complaints seeking relief and afforded the above-named to correct the complained of matters before the filing of this lawsuit.

Pursuant to the established law in the federal court ruling in Gates and Colon, the defendants are liable.

The defendants' motion to dismiss should be denied.

### 3. Plaintiff stated an Eighth Amendment Claim.

A prisoner must be provided with "shelter which does not cause his degeneration or threaten his mental and physical well being. Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980). Serious physical deterioration of the prison may violate the Eighth Amendment. Gates v. Collier, 525 F.2d 965 (5th Cir. 1976).

Courts are more likely to find crowding unconstitutional if it is linked with violence and other safety hazard, breakdown in classification, food services, or medical care or deteriorated physical conditions. Harris v. Angelina County Texas, 31 F.3d 331, 335 (5th Cir. 1994); Ruiz v. Estelle, 679 F.2d 1115, 1140-42 (5th Cir. 1982) (violence and under staffing).

Walker do not need to prove that the contiuous exposure to and drinking of contaminated water and ingestion of contaminated food-borne

4

pathogens trapped in the chowhall's utensils, cups and trays served with filthy water from poor cleaning and cross-contaminates caused by the inmates and officers daily. The risk of his good health being exposed to the health violations daily is enough. See Benjamin v. Fraser, 343 F.3d 35, 56 (2d Cir. 2003).

Walker has spoken with prisoners that has been housed on other Units. An inmate that was housed on French Robertson Unit stated that during the winter, he was given two blankets and a set of thermals and it is more colder on this Coffield Unit than on the French Robertson Unit.

On this Coffield Unit, it is like being in an oven during the hot summer month and being in a freezer during the winter months. The defendants has made no corrective to makes these living conditions humane. But continue a practice to place humans in inhumane and unsafe living conditions.

There is no safe means to exit and access the top bunk of Walker's assigned bedding area, no public toilets, poor ventilation and deteriorated building structure [cracks in floor and wals and leaking ceiling].

Defendant Catoe, Cooper and Richardson has created policy and customs where the Unit is operating under 24 hours administration. Walker is unable to get adequate sleep to sustain his good health. Since the filing of this lawsuit, the administration has increased its policies in depriving inmates of their needed sleep.

In furtherance, Walker, who is small in size, has personally witnessed stronger prisoners sexually assault, molest and commit sexual deviant conduct in the population shower. There are no partitions to shield or protect the victims of the sexual acts and the Unit is too under staff to ensure these victims safety.

The Court is aware or should be aware of the numerous suicides that are being committed and have been committed on this Coffield Unit. Prisoner here would rather take their own life than continue to suffer under these inhumane living conditions. Animal shelter are better kept and overseen.

The defendants cannot say that they have no knowledge of these on-going violations. Especially defendants Catoe, Cooper and Richadrson,

who walk these halls daily and have been made known of these problematic violations by Walker and numerous inmates. These defendants has shown a deliberate indifference and callous disregard to Walker's health and safety.

Lastly, Walker made it clear in his amended pleading that he was at all times subject to the conditions of the claims alleged in his lawsuit. Or to say, these problems and violations have been ongoing for years and have only worsen. No corrective actions have been taken. Walker suffered injuries before the filing of this suit, he is now suffering and he see no future remedy for relief.

**4. Walker has suffered harm entitling him to compensatory damages.**

The very fact that the defendants asserted that Walker has suffered no injury for **some**, instead of all of his claims is sufficient to preclude dismissal. Nor do the defendants challenge the physical injury alleged by Walker in claims, inadequate living space, sleep deprivation, no public toilets, contaminated drinking water and extreme heat conditions.

Compensatory damages represent the money value of the harm or injury caused by a violation of Walker's right. They are not discretionary; if an individual proves that a violation of his rights caused injury, Jackson v. Saul, 206 F.3d 1156, 1168 (11th Cir. 2000), compensatory damage must be awarded. Smith v. Wade, 461 U.S. 30, 52, 103 S.Ct. 1625 (1983).

In lawsuts filed by prisoners, the Prison Litigation Reform Act (PLRA) forbids recorvery of compensatory damages for mental and emotional injury without physical injuty, and most court apply that rule to quality of life cases as well, though most courts allow recovery of punitive damages even if compensatory damages as barred. Brown v. Bryan County, OK., 219 F.3d 450, 465, 467-68 (5th Cir. 2000); Hutchins v. McDaniels, 612 F.3d 193, 197-98 (5th Cir. 2007)(per curiam).

The defendants alleged that Walker showed no physical injuy for excessive overcrowding, chowhall contamination, and unsafe housing conditions.

6

Walker alleged in his complaint that he is in constant dangers and health risks daily in regards to the excessive overcrowding, chowhall contaminations, and unsafe housing. These daily suffering are more than just mental or emotional. Walker must physically endure these suffering daily and he also suffer physical pains and degerative injuries doing so.

Every time Walker enter the population shower, he place his life at risk to possible sexual assaults and incurable viruses (e.g. HIV, AIDS, and hepititis), because there is nothing to shield him or protect him from these dangers.

Walker ingesting food-borne pathogen bacteria daily three times a daily has already possibly caused irreversible harm to his body and unknown chronic illnesses and/or diseases.

Walker asserted in Paragraph **79** of his amended pleading that he has injured himself multiple times accessing his bedding area and as a result, he has damaged his heel and tendent achilles permanently.

Under the RELIEF REQUESTED section of Walker amended pleading, he requested that this Honorable Court **Grant such any and all other relief as it appear Walker is entitled**, is a formal plea for all reliefs, whether it be in damage or injuctive.

The defendants motion to dismiss such be denied on this issue and his lawsuit should be placed on the docket to be heard.

### IV. CONCLUSION

Because Walker state a claim on which relief can be granted, the Court should deny defendants motion and retain the case on the Court's docket. Also, the Court should afford Walker to amend any claim that need further addressing.

Respectfully submitted,

*Johnny Lee Walker*
Johnny Lee Walker
2661 FM 2054
Tennessee Colony, TX 75884
Pro Se Litigant

## INMATE DECLARATION

I, Johnny Lee Walker TDCJ# 1215501, am presently incarcerated at the H.H. Coffield Unit in Anderson County, TX, of the Texas Department of Criminal Justice - Institutional Division, do declare under penalty of perjury thtat the above foregoing document is true and correct.

Executed on this the <u>11th</u> day of <u>May</u> 2018.

*Johnny Lee Walker*
Johnny Lee Walker

## CERTIFICATE OF SERVICE

I, Johnny Lee Walker, certify that a copy of the above foregoing document have been forwarded via U.S. Mail on this the <u>11th</u> day of <u>May</u> <u>2018</u> by placing it in the prison system mailbox.

*Johnny Lee Walker*
Johnny Lee Walker

8

Office of the Clerk
U.S. District Court
Easter District of Texas
211 W. Ferguson, St., Rm 106
Tyler, Texas 76702



May 11, 2018

RE: Johnny Lee Walker v. Lorie Davis, et al,
    Civil Action No. 6:17-cv-166

Dear Clerk:

Please find enclosed PLAINTIFF'S RESPONSE TO DEFENDANTS COLLIER, TEXAS BOARD OF CRIMINAL JUSTICE, COOPER, CATOE, RICHARDSON AND DAVIS'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(c) to be filed in the above reference cause.

Know that your time in the above matter is greatly appreciated.

Sincerely,

Johnny Lee Walker
Johnny Lee Walker
TDCJ# 1215501
H.H. Coffield Unit
2661 FM 2054
Tennessee Colony, TX 75884

cc:filed

Johnny Lee Walker #1215501
2664 FM 2054 Coffield Unit
Tennessee Colony, TX 75884

"Legal Mail"

Office of the Clerk
U.S. District Court Eastern District of Texas
211 W. Ferguson St, Rm 106
Tyler, Texas 75702



NORTH TEXAS TX PDDC
DALLAS TX 753
14 MAY 2018 PM 6 L

75702-722099