IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE WALKER | § | |
| v. | § | CIVIL ACTION NO. 6:17cv166 |
| LORIE DAVIS, ET AL. | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION</u>

The Plaintiff in this lawsuit, as well as inmate plaintiffs in four separate cases, has filed a motion for certification as a class action (docket no. 40). This lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

The motion for class action is entitled "Request for Class Certification - Request for Special Master - Request for Judge Clark and Magistrate Mitchell to Visit Coffield Unit" and reads, in its entirety, as follows:

> COMES NOW, Plaintiffs and similarly situated prisoners, pursuant to Rules 23 and 24 and 53 of the Fed. R. Civ. P., and moves this Court to certify these matters as a class action and appoint a special master as well as visit the Coffield Unit themselves in order to see and feel what each of them are subjected to daily.
>
> Plaintiffs and similarly situated prisoners aver that class certification is proper because thousands (1,000's) will be affected, and the request for a special master has merit due to the complexity of the federal questions and the volume of discovery and dispositive issue that the matter will generate.
>
> Plaintiffs and similarly situated prisoners make these requests in light of *Cole v. Livingston*, no. 4:14cv1698, 2016 WL 3258345 (S.D.Tex., June 14, 2016), the attached Human Rights report (Deadly Heat in Texas Prisons) from the University of Texas School of Law, and due to the fact that the majority of those similarly situated prisoners signed below are taking medication, which the combination of the

heat, sanitation, contaminated water, sleep deprivation causes a variety of physical and mental injuries. The Human Rights Clinic concludes that current heat conditions in TDCJ facilities also violate inmates' constitutional right to be free from cruel and unusual punishment. Therefore, class certification and appointment of a special master is the only means of protecting the interest of all members of the class.

Plaintiffs and similarly situated prisoners prays the Court will grant this motion in all respects, but failing that would strongly urge the Court to visit this unit and speak to us.

## II. Governing Standards for Class Actions

Class actions are governed by Rule 23, Fed. R. Civ. P. This Rule states, in pertinent part, as follows:

**(a) Prerequisites to a class action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

**(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subsection (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

**III. Application of the Standards**

The Supreme Court has explained that Rule 23 does not set forth a mere pleading standard; rather, a party seeking class certification must affirmatively demonstrate his compliance with the Rule. *Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011). The district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class action. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The party seeking certification bears the burden of proof. *Horton v. Goose Creek Ind. Sch. Dist.*, 690 F.2d 470, 486 (5th Cir. 1982), *cert. denied*, 463 U.S. 1207 (1983).

Plaintiff's motion for class certification addresses the numerosity requirement but fails to satisfy any other section of Rule 23. As such, it is insufficient to support certification of a class. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (plaintiff's motion for class certification which alleged that there were numerous other inmates having an interest in his action, but not addressing any of the other requirements of Rule 23, was insufficient); *Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. July 24, 2008) (conclusory allegations were insufficient to support class certification).

In addition, Plaintiff has not shown that he will fairly and adequately represent the interests of the class. The courts generally hold that *pro se* plaintiffs cannot fairly and adequately represent the interests of a class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (competence of non-attorney "clearly too limited to allow him to risk the rights of others"); *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967). *Accord*, *Ziegler v. State of Michigan*, 90 F.App'x 808, 2004 U.S. App. LEXIS 1186, 2004 WL 162545 (6th Cir., January 23, 2004) (non-attorney proceeding *pro se* cannot adequately represent class); *Fowler v. Lee*, 18 F.App'x 164, 2001 U.S. App. LEXIS 20307, 2001 WL 1033312 (4th Cir., September 10, 2001) (class will not be certified when *pro se* litigant will act as representative of class); *Welch v. Terhune*, 11 F.App'x 747, 2001 U.S. App. LEXIS 5751, 2001 WL 306855 (9th Cir., March 28, 2001) (district court properly determined *pro se* litigant could not prosecute action as class action); *Fymbo v. State Farm Fire & Cas. Co.*, 213

F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's decision that *pro se* litigant cannot adequately represent putative class).

The Fifth Circuit has held that a person seeking class certification has the burden of proof to show compliance with all four prongs of Rule 23(a) and at least one prong of Rule 23(b). *See Fleming v. Travenol Laboratories, Inc.*, 707 F.2d 829, 832 (5th Cir. 1983). Because Plaintiff has not met the necessary elements of Rule 23, the request for class certification cannot be granted.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for class certification under Fed. R. Civ. R. 23 be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

**So ORDERED and SIGNED this 10th day of December, 2018.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE