IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| JOHNNIE LEE WALKER | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:17cv166 |
| LORIE DAVIS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR CLASS CERTIFICATION

The Plaintiff Johnny Lee Walker, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Plaintiff has filed a motion to intervene or for certification as a class action under Fed. R. Civ. P. 23. This motion reads, in its entirety, as follows:

> COMES NOW, Plaintiffs and similarly situated prisoners, pursuant to Rules 23 and 24 and 53 of the Fed. R. Civ. P., and moves this Court to certify these matters as a class action and appoint a special master as well as visit the Coffield Unit themselves in order to see and feel what each of them are subjected to daily.
>
> Plaintiffs and similarly situated prisoners aver that class certification is proper because thousands (1,000's) will be affected, and the request for a special master has merit due to the complexity of the federal questions and the volume of discovery and dispositive issue that the matter will generate.
>
> Plaintiffs and similarly situated prisoners make these requests in light of *Cole v. Livingston*, no. 4:14cv1698, 2016 WL 3258345 (S.D.Tex., June 14, 2016), the attached Human Rights report (Deadly Heat in Texas Prisons) from the University of Texas School of Law, and due to the fact that the majority of those similarly situated prisoners signed below are taking medication, which the combination of the heat, sanitation, contaminated water, sleep deprivation causes a variety of physical

1

and mental injuries. The Human Rights Clinic concludes that current heat conditions in TDCJ facilities also violate inmates' constitutional right to be free from cruel and unusual punishment. Therefore, class certification and appointment of a special master is the only means of protecting the interest of all members of the class.

Plaintiffs and similarly situated prisoners prays the Court will grant this motion in all respects, but failing that would strongly urge the Court to visit this unit and speak to us.

## II. The Magistrate Judge's Report

After review of the motion, the Magistrate Judge issued a Report recommending that the request for class certification be denied. The Magistrate Judge observed that the motion addressed the numerosity requirement but failed to satisfy any other section of Rule 23 and thus could not support certification of a class, citing *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 162 (5th Cir. 1995) (plaintiff's motion for class certification which alleged that there were numerous other inmates having an interest in his action, but not addressing any of the other requirements of Rule 23, was insufficient) *and Songer v. Dillon Res., Inc.*, 569 F.Supp.2d 703, 707 (N.D. Tex. July 24, 2008) (conclusory allegations were insufficient to support class certification).

The Magistrate Judge also determined that Plaintiff failed to show that he could fairly and adequately represent the interests of the class, noting that the courts generally hold *pro se* plaintiffs cannot adequately represent classes. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (competence of non-attorney "clearly too limited to allow him to risk the rights of others"); *Anderson v. Moore*, 372 F.2d 747, 751 n.5 (5th Cir. 1967). *Accord, Ziegler v. State of Michigan*, 90 F.App'x 808, 2004 U.S. App. LEXIS 1186, 2004 WL 162545 (6th Cir., January 23, 2004) (non-attorney proceeding *pro se* cannot adequately represent class); *Fowler v. Lee*, 18 F.App'x 164, 2001 U.S. App. LEXIS 20307, 2001 WL 1033312 (4th Cir., September 10, 2001) (class will not be certified when *pro se* litigant will act as representative of class); *Welch v. Terhune*, 11 F.App'x 747, 2001 U.S. App. LEXIS 5751, 2001 WL 306855 (9th Cir., March 28, 2001) (district court properly determined *pro se* litigant could not prosecute action as class action); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court's decision that *pro se* litigant cannot adequately represent putative class).

**III. The Plaintiff's Objections**

In his objections, Plaintiff argues that he has met the requirements of Rule 23, citing numerosity, commonality, and typicality. Plaintiff argues that: the class is so numerous that joinder of all members is impracticable, citing the approximately 500 signatures offered in support of the motion for class certification; the requirement of commonality was met by the issue of whether the Defendants' policies of not permitting adequate sleep, subjecting prisoners to extreme living conditions such as heat, filth, and overcrowding amount to deliberate indifference to the totality of the living conditions of the class members; and that he has shown typicality in that the class representatives have been subjected for years to the unconstitutional living conditions and have suffered seizures, broken ankles, increase in blood pressure, and other painful and debilitating injuries as well as "ongoing risks of serious harm."

With regard to the adequacy of representation, Plaintiff asserts that "the class representatives have never entertained the thought of litigating these serious matters on their own." He explains that the prisoners' intent was to seek intervention from the U.S. Department of Justice, which will be committed to obtaining declaratory and injunctive relief as well as any other relief to which the class is entitled. In addition, Plaintiff states that he has "requested counsel in the form of a special master." He asserts that it will promote judicial economy to resolve the common questions of law and fact in one forum and states that he and the class are being housed in unconstitutional conditions which deprive them of the basic necessities of life.

**IV. Discussion**

As the Magistrate Judge stated, a party seeking class certification must affirmatively demonstrate his compliance with Fed. R. Civ. P. 23. Plaintiff's motion for class certification only addressed the factor of numerosity and made no mention of any other factors, and thus necessarily failed to demonstrate compliance with Rule 23.

Plaintiff then added discussion of the remaining factors of commonality, typicality, and adequacy of representation in his objections. As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001).

Even assuming these new arguments are properly before the Court, however, Plaintiff's contentions still lack merit. His typicality argument invokes specific physical ailments such as seizures and broken ankles but offers nothing to suggest that these ailments are common to or typical of the class rather than individual to him.

Furthermore, Plaintiff's objections essentially concede the lack of adequacy of representation, arguing that he is seeking appointment of a special master and intervention by the U.S. Department of Justice. He has not shown entitlement to appointment of counsel or a special master, and intervention by the U.S. Department of Justice is too speculative to support the conclusion that the class representatives will fairly and adequately protect the interests of the class. Should the Department of Justice intervene in the case, the Court may re-evaluate based upon the terms of the intervention. At this time, however, Plaintiff has not demonstrated that class action certification is appropriate or warranted.

**V. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 43) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion to intervene or for class certification (docket no. 40) is **DENIED**.

So **ORDERED** and **SIGNED**  **January 7, 2019.**

_____
Ron Clark, Senior District Judge