IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LEE WALKER | § | |
| v. | § | CIVIL ACTION NO. 6:17cv166 |
| LORIE DAVIS, ET AL. | § | |

ORDER DENYING PLAINTIFF'S
MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Johnny Lee Walker filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court referred the lawsuit to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Walker named TDCJ-CID Director Lorie Davis, TDCJ Executive Director Bryan Collier, Wardens Jerry Catoe, Jeffrey Richardson, and Patrick Cooper of the Coffield Unit, and the Texas Board of Criminal Justice.

**I. Background**

Walker complained of the conditions of confinement at the Coffield Unit, including allegations of double-celling, sleep deprivation, overcrowded showers, lack of toilets in the dayrooms, excessive heat, excessive cold, the conditions in the dining hall, contaminated water, and unsafe housing areas. The Defendants filed a motion to dismiss, to which Walker filed a lengthy reply.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted. Walker filed objections to the Report, but these were overruled and this Court dismissed the lawsuit on March 28, 2019, for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**II. The Motion to Alter or Amend the Judgment**

Walker signed his motion to alter or amend the judgment on April 22, 2019, within 28 days after the entry of final judgment. In his motion, Walker contends that the judgment should be altered or amended in order to prevent a manifest injustice. He states that "for every right that a person has, someone else has a duty," and that prison walls "do not form a barrier separating prison inmates from the protection of the Constitution."

After stating that the Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement" including adequate food, shelter, sleep, medical care, clean drinking water, and reasonable measures to guarantee the safety of the inmates, Walker asserts that "this Court had a duty to resolve Walker's claims in favor of Walker and not rule in favor of the Defendants." At the minimum, he argues that the Court had a duty to afford Walker "the opportunity to have his claims refuted by the Defendants and an opportunity to allowed [sic] the allegations to develop through discovery."

Walker argues that the Court's duty was to view his allegations as true and determine if true, was he entitled to relief. He states that the allegations raised in his lawsuit are "problematic throughout over two-third of the Texas prison system and the focus of every form of media" and that the Fifth Circuit has already held that similar claims are unconstitutional. He contends that the Court "has served to advocate for the Defendants and resolving claims known to be unconstitutional in violation of Walker's rights as guaranteed by the Eighth and Fourteenth Amendments of the United States." He asserts that it is "a clear error or manifest injustice when the court, a neutral tribune, advocate [sic] for a party of the lawsuit, and a greater injustice when the party being advocated for has imposed inhumane conditions against the other party in which the Supreme Court opposes." He asks that the Court alter or amend the judgment so as to order the Defendants to answer the lawsuit, to hold his pleadings to a less stringent standard than that of an attorney, and to "afford him the due process right to have the Defendants, not the Court, to prove the conditions

alleged in his lawsuit is [sic] not inhumane, especially when the federal and Fifth Circuit Court has said that it is."

**III. Discussion**

The Fifth Circuit has stated that relief under Rule 59(e) is appropriate where there has been an intervening change in controlling law, the movant presents newly discovered evidence which was previously unavailable, or to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir.2003). A Rule 59(e) motion cannot be used to raise arguments which could and should have been made before the judgment issued. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003).

Walker has not shown an intervening change in controlling law and has not presented newly discovered evidence. Nor has he identified any manifest errors of law or fact which must be corrected. The Court analyzed each of Walker's claims individually, applying the pleading standards set out by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Under these standards, a pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Iqbal*, 556 U.S. at 678.

The Supreme Court explained that a plaintiff meets these standards when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," or if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability. *Id.*; *see also Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir. 2006).

While it is true that *pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, these plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). The Supreme Court explained that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

All of the named Defendants in Walker's lawsuit are supervisory officials. The Court observed that in civil rights lawsuits under 42 U.S.C. §1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability; however, a supervisor may be held liable if there exists (1) his personal involvement in a constitutional deprivation, (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation, or (3) if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). In this regard, conclusory allegations of the creation or existence of a policy or custom are insufficient to establish supervisory liability. *Rivera v. Salazar*, 166 F.App'x 704, 2005 U.S. App. LEXIS 29186, 2005 WL 3588443 (5th Cir., December 30, 2005). In fact, the term "supervisory liability" in the context of a §1983 lawsuit is itself a misnomer because each government official, his or her title notwithstanding, is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. The Supreme Court rejected an argument that government officials may be held liable merely because they had knowledge or acquiesced in their subordinate's misconduct. *Id.*

The Court determined that a number of Walker's claims were conclusory or did not set out constitutional violations at all and that Walker failed to show any valid basis for liability on the part of any of the named Defendants. Although Walker argued that he was entitled to discovery, the Supreme Court has stated that a plaintiff "armed with nothing more than conclusions" cannot unlock

the doors of discovery. *Iqbal*, 556 U.S. at 678-79; *Doe v. Robertson*, 751 F.3d 383, 393 (5th Cir. 2014).

What Walker claims as a "manifest injustice" was simply the application of the pleading standards laid out by the Supreme Court. Although *pro se* pleadings are viewed liberally, such litigants must nonetheless plead factual allegations raising the right to relief above the speculative level, not merely conclusions, formulaic recitations of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Chhim*, 836 F.3d at 469; *Iqbal*, 556 U.S. at 678.

Walker's complaint failed to meet these pleading standards, rendering his lawsuit amenable to dismissal for failure to state a claim upon which relief may be granted. *See Rios*, 444 F.3d at 421 (complaint fails to state a claim upon which relief may be granted where it provides only naked assertions devoid of further factual enhancement or pleads facts merely consistent with or creating a suspicion of the defendant's liability). Thus, Walker has failed to show an intervening change in controlling law, presents newly discovered evidence which was previously unavailable, or a manifest error of law or fact which requires correction, and his motion to alter or amend the judgment is without merit. It is accordingly

**ORDERED** that the Plaintiff's motion to alter or amend the judgment (docket no. 62) is **DENIED**. Fed. R. Civ. P. 59(e).

**So Ordered and Signed**
**May 21, 2019**

_____
Ron Clark, Senior District Judge